**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Alexa Kahn,

                Plaintiff,                     Case No.

      -against-                  **COMPLAINT AND DEMAND**

Checkr, Inc.,                   **FOR JURY TRIAL**

                Defendant(s).

Plaintiff Alexa Kahn, by and through counsel, and as for this Complaint against Defendant Checkr, Inc. ("Checkr" or "Bureau"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1.      Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., also known as the Fair Credit Reporting Act ("FCRA").

2.      Checkr disbursed such consumer reports (also known as "background reports") about Plaintiff to third parties under a contract for monetary compensation falsely showing Plaintiff was convicted of a felony.

3.      However, Plaintiff was guilty of a misdemeanor, not a felony.

4.      Checkr also inaccurately and improperly reported non-public information.

**JURISDICTION AND VENUE**

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367and 15 U.S.C. § 1681p *et seq*.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, and the Defendant transacts business here.

**PARTIES**

7.      Plaintiff is a resident of the State of Michigan.

8.      At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

9.      Defendant Checkr is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

10.      Checkr has an address for service at c/o C T Corporation System, 40600 Ann Arbor Road E, Ste 201, Plymouth, MI 48170.

11.      Checkr is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

12.      At all times material hereto, Checkr disbursed such consumer reports to third parties under a contract for monetary compensation.

**FACTUAL ALLEGATIONS**

13.      Plaintiff incorporates the above allegations as if set forth here.

Background

14.      On or about November 6, 2021, Plaintiff was allegedly arrested for violating Michigan Compiled Laws ("MCL") § 750.81d (1).

15.      On or about February 16, 2022, Plaintiff pleaded guilty to an attempted violation of MCL 750.81d (1).

16.    Pursuant to MCL 750.92, such a conviction is only a misdemeanor, not a felony.

17.    Plaintiff was therefore only convicted of a misdemeanor, not a felony.

18.    The State of Michigan, 90th Judicial District Court's disposition records reflect that Plaintiff pled guilty to an attempted violation of § 750.81d (1).

Violations

19.    Before the events described here, Plaintiff was working for Instacart since November 2024 ("Employer").

20.    On or about February 20, 2025, Employer conducted an annual background check.

21.    As part of Employer's background check before hiring Plaintiff, it obtained a consumer report from the Bureau ("Report").

22.    O information and belief, Plaintiff's Report returned clear the year prior, after having been hired by Employer.

23.    On information and belief, on date(s) better known to the Bureau, it issued background report(s) concerning the Plaintiff that included a felony conviction from February 16, 2022.

24.    Plaintiff did not have a felony conviction.

25.    Plaintiff was only guilty of a misdemeanor.

26.    Additionally, the Report included derogatory criminal information from a non-public record.

27.    The information being reported by Checkr is inaccurate.

28.    Consequently due to Checkr's background report, Plaintiff was fired by Instacart.

29.     The Bureau also published this same inaccurate and improper information to DoorDash. ("Second Employer").

30.     On or about February 20, 2025, Plaintiff disputed the report with Defendant ("First Dispute").

31.     On or about March 5, 2025, Defendant emailed Plaintiff the Dispute results to Plaintiff with revised reports.

32.     However, the misdemeanor charge was still being reported as a felony.

33.     Plaintiff responded to their email and pointed out the continued inaccuracy ("Second Dispute") (First Dispute and Second Dispute, each a Dispute and collectively, Disputes").

34.     On or about March 19, 2025, Defendant emailed Plaintiff a copy of an updated, totally finally report.

35.     The information furnished by Defendant Checkr was inaccurate.

36.     Checkr should not have reported it as a felony because it was only a misdemeanor conviction and is therefore inaccurate.

37.     Checkr should not have reported a non-public record.

38.     Checkr has been reporting this inaccurate information through the issuance of false and inaccurate background information and reports that it has disseminated to various persons and employers, both known and unknown.

39.     This is particularly so because the conviction in question shows that it was for an "attempted" crime.

40.     Yet the Bureau's report does not even note the "attempted" nature of the conviction.

41.      The Bureau is required to notify furnisher of the incorrect information ("Furnisher") of each of Plaintiff's disputes.

42.      Upon receipt of each Dispute by the Plaintiff, the Bureau failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information about Plaintiff with respect to the Criminal Information.

43.      A reasonable investigation by the Bureau would have revealed that the Criminal Information was inaccurate.

44.      Despite the dispute(s) by the Plaintiff that the information on his consumer report was inaccurate with respect to the Criminal Information, Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the Criminal Information was inaccurate.

45.      The Bureau violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation and failing to delete or correct the disputed information within 30 days of receiving Plaintiff's Dispute(s).

46.      The Bureau violated 15 U.S.C. § 1681i by failing to provide notice of the Dispute(s) to Furnisher or, in the alternative, if the Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

47.      The Bureau violated 15 U.S.C. § 1681e by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

48.      Notwithstanding Plaintiff's efforts, Defendant continued to publish and disseminate such inaccurate information to third parties, persons, and entities.

49.     The Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

50.     Defendant knew or had reason to know the information was inaccurate.

51.     Defendant was in possession of the documentation of the inaccuracies as provided by Plaintiff yet persisted in reporting it anyway.

52.     Upon information and belief, the Bureau did not even request documentation from Furnisher during its investigations of Plaintiff's Dispute(s).

53.     On information and belief, on a date better known to the Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Criminal Information.

54.     The information published by the Bureau improperly, falsely, and inaccurately characterizes Plaintiff's criminal record.

55.     The Bureau reported this improper and inaccurate information through the issuance of false and inaccurate information and consumer reports that they disseminated to various persons and entities, both known and unknown.

56.     Had the Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report, the negative information would not have appeared in Plaintiff's report.

Additional Damages

57.     As a result of Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

58.     Due to Defendant's inaccurate reporting as described above, Plaintiff was denied employment.

59.     Defendant's erroneous reporting also affected Plaintiff's reputation.

60.    Plaintiff suffered damage to her reputation as it falsely appeared as if she was convicted of a felony.

61.    This falsity was published to one or more third parties.

62.    This negative information reflected poorly upon Plaintiff and was incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

63.    Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendant's willful and negligent actions, loss of employment, reputational harm, a chilling effect on applications for employment, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment denial and having others see the false criminal information.

64.    Plaintiff was severely distressed by the ordeal she was put through by Defendant.

65.    When Plaintiff reviewed the inaccurate consumer report, she felt mad, frustrated, and humiliated by the gross inaccuracies and false records.

66.    Defendant also feared that such reporting could cause further harm.

67.    Due to Defendant's actions, Plaintiff had difficulty with sleep and suffered anxiety and stress.

68.    Due to Defendant's actions, Plaintiff lost employment with Instacart.

## FIRST CAUSE OF ACTION
### (Violations of 15 U.S.C. § 1681e(b) as to the Bureau)

69.    Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

70.    This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

71.    Specifically, the Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or

follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report, also known as a background report, and its files that the Bureau maintained or furnished concerning the Plaintiff.

72.     The Bureau has willfully and recklessly failed to comply with the Act.

73.     In the alternative, the Bureau has negligently failed to comply with the Act.

74.     The failure of the Bureau to comply with the Act includes but is not necessarily limited to the following:

    a.  The failure to establish reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    c.  The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by the Plaintiff;

    d.  The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

    e.  The continual placement of inaccurate information into the report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation that the information was inaccurate;

    f.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had confirmed it should be deleted;

g.  The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the consumer report of the consumer; and

h.  The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

75.  As a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

76.  The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

77.  Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**SECOND CAUSE OF ACTION**
**(Violations of 15 U.S.C. § 1681k(a)(2) as to the Bureau)**

78.  Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

79.  This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

80.  15 U.S.C. § 1681k(a)(2) requires the Bureau to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

81.     The Bureau violated15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

82.     The Bureau had actual notice that the information it provided was likely to have an adverse effect on Plaintiff's ability to obtain employment, as Primerica purchased this information from the Bureau to evaluate Plaintiff for employment purposes.

83.     The Bureau has willfully and recklessly failed to comply with the Act.

84.     In the alternative, the Bureau has negligently failed to comply with the Act.

85.     As a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

86.     The conduct, action and inaction of the Bureau was willful and/or negligent rendering the Bureau liable for actual, statutory, and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

87.     Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

88.     Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g)  For any such other and further relief as this Court may deem just and proper.

Dated:  May 21, 2026

**Stein Saks, PLLC**

*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*